UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY ALEXANDER, *et al*.,

    Plaintiffs,

v.

ATLANTIC AUTOMOTIVE
COMPONENTS and VISTEON
CORPORATION,

    Defendants.
_____/

Case No. 4:06-CV-129

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Defendants Atlantic Automotive Components and Visteon Corporation's Motion for Summary Judgment on Counts I and II alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*. Defendants move pursuant to Federal Rule of Civil Procedure 56. The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**

    Defendant Atlantic Automotive Components ("Atlantic") manufactures automotive parts at facilities in Benton Harbor, Michigan. In October 2004, Atlantic became aware that some of its employees were collecting unemployment while working for Atlantic. (Compl. ¶¶ 29-33.) This resulted in the mass suspension of 143 Atlantic employees on December 8, 2004. (*Id*. ¶¶ 45-48.) After an investigation, which included interviews with union representation, 127 employees were terminated. (*Id*. ¶ 57.) The eleven Plaintiffs were among those terminated. Each Plaintiff, save Plaintiff Rodney Alexander, was notified by letter no later than December 21, 2004, that their

employment had been terminated.[1] (*Id*. ¶ 62.) Local 1972 filed grievances on behalf of the 127 terminated employees, including all of the Plaintiffs, between December 22, 2004 and January 7, 2005, pursuant to a collective bargaining agreement. (*Id*. ¶ 74.)

A tentative resolution was reached in the spring or early summer of 2005 but later vetoed by Defendant Visteon. (*Id*. ¶ 76.) On December 14 and 15, 2005, a combined arbitration hearing was held in connection with six grievances regarded as being representative of the other grievances. (*Id*. ¶ 77.) An Arbitrator issued a decision upholding the termination of all six grievants on or about April 13, 2006. Subsequently, on or about May 30, 2006, Atlantic and Local 1972 (which represented all of the terminated employees) entered into a Settlement Agreement regarding all of the outstanding grievances. (*Id*. ¶ 79). The Settlement Agreement addressed all grievances, addressing two groups separately. One group consisted of employees whose grievances challenged termination and were dismissed with prejudice by Local 1972. (*Id*. ¶ 81.) Plaintiffs Rodney Alexander, Darrian Ford, Sr., Ann Gardner, Deborah Graham, Brenda Harmon, Lavada Hollins, Kim Isom, Areatha Murphy and David Weir were in this category. (*Id*. ¶ 82.) The second group consisted of employees Atlantic agreed to place on a preferential rehire list, for up to five years in order of seniority, on the condition those employees sign a release of liability against Defendants within 21 days of receipt of the offer. (*Id*. ¶ 83.) Plaintiffs Tineno Ferguson, Lillian D. Clayton, Margaret Garey, Mariedth Greathouse, Pearly Harris, Willie Hoyle and Aaron Rolling were in this category and none accepted the offer.[2] (*Id*. ¶ 84.)

---

[1]Plaintiff Alexander denies receiving notice of termination in December 2004.

[2]The Court recognizes that Plaintiff Sarah Smith was not named as falling into either group. (Compl. ¶¶ 81-84.)

**II.     LEGAL STANDARDS**

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in [its] favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies its burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

## III.	DISCUSSION

Defendants have moved for summary judgment on Counts I and II which allege violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Defendants argue all eleven Plaintiffs failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and because timely filing is a precondition to filing suit, the claims are barred. *See Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982). Usually, a plaintiff must file a discrimination charge within 180 days of the alleged unlawful practice. 42 U.S.C. § 12117(a) (incorporating the charging requirements of Title VII, 42 U.S.C. § 2000e-5(3)); *see also Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 407 (6th Cir. 1999). However, if the discrimination occurs in a "deferral state," here Michigan, "which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act." *Id.*; *see also Romain v. Kurek*, 836 F.2d 241, 242 (6th Cir. 1987) (stating Michigan is a "deferral state.") Defendants submit that all eleven Plaintiffs filed their charges with the EEOC in May or June of 2006, some 200 days past the limitation. Plaintiffs do not dispute all the filings were untimely; however, Plaintiffs do assert that equitable estoppel, equitable tolling, and the discovery rule[3] apply such that untimeliness is excused.

---

[3] The Court notes pursuant to the discovery rule, Plaintiffs acknowledge, in agreement with Defendants, that a "cause of action accrues in a case of termination when the decision is communicated to the employee even if the employee is not aware of the discriminatory motives for termination." (Resp. 6.) Therefore, these causes of action accrued on the date on which the alleged adverse employment action was communicated to Plaintiffs, and the time limit ran on or about October 17, 2005. (*Id.* at 19); *see also Amini v. Oberlin College*, 259 F.3d 493, 499-500 (6th Cir. 2001); accord *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005).

A.	Equitable Tolling and Equitable Estoppel Standards

The Supreme Court has held that the ADA's 300-day filing requirement may be tolled where the principles of equity demand it. *Zipes*, 455 U.S. at 393. Federal Courts, including the Sixth Circuit Court of Appeals, have recognized that these equitable principals are to be applied *"sparingly." Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (emphasis added); *Amini*, 259 F.2d at 500. "In considering whether equitable tolling should apply, [courts] generally look at five factors: (1) whether the plaintiff had actual notice of the time restraint; (2) whether she had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (citing *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996); *Amini*, 259 F.3d at 500. "[T]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Steiner*, 354 F.3d at 438 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

Both Plaintiffs and Defendants have differentiated between the doctrines of equitable tolling and equitable estoppel. The Seventh Circuit has examined the two doctrines and held that equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990); *see also Ky. State Police Dep't.*, 80 F.3d at 1095 (quoting same). Equitable estoppel "presuppose[s] that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant

– above and beyond the wrongdoing upon which the plaintiff's claim is founded – to prevent the plaintiff from suing in time." *Id*. at 451; *see also Henderson*, 403 F.3d at 1033 (holding "[t]he doctrine of equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit.")  This differs from equitable tolling, such that equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451.  The Sixth Circuit has found that "equitable tolling applies when there is no allegation of impropriety on the defendant's part" and equitable estoppel is appropriate where a defendant fraudulently conceals its actions, "misleading a plaintiff respecting the plaintiff's cause of action." *Hill v. United States DOL*, 65 F.3d 1331, 1335 n.2 (6th Cir. 1995) (examining whether to apply equitable estoppel to the statute of limitations in a case involving an alleged violation of the Energy Reorganization Act, a "whistle blower" law.)

B.   Application

In response to Defendants' Motion for Summary Judgment, Plaintiffs contend summary judgment is not appropriate at this junction because a genuine issue of material fact exists or in the alternative, the Court should allow Plaintiffs to develop discovery sufficient to justify the invocation of the doctrines of equitable estoppel and/or equitable tolling.  (Resp. 2.)  To this end, Plaintiffs argue Defendants used different standards for different employees to determine who was to be terminated for misrepresentation of wages.  Plaintiffs assert testimony from the Michigan Unemployment Insurance Agency ("UIA") hearings and subsequent arbitration hearings show that different standards were used.  Plaintiffs further argue they did not learn of the different standards until April 1, 2006, when they obtained the transcripts and reviewed them.  After learning of the

differing standards, Plaintiffs believed the reasons stated for termination were pretextual and concluded their terminations may have violated the ADA. Plaintiffs also appear to claim there was a delay in obtaining their personnel files which was in part due to Defendants' active concealment of the motivation behind their terminations. Therefore, Plaintiffs argument is both one of equitable tolling and equitable estoppel. Plaintiffs assert Defendants "deceived" them as to the reason for their terminations and even exercising due diligence, Plaintiffs could not have discovered the alleged violations until the transcripts had been reviewed.

In examining the five factors to determine whether equitable tolling is appropriate, the Court notes Plaintiffs have not argued they lacked notice of the filing requirement or that they lacked constructive notice of the filing requirement. Therefore, the first two factors do not weigh in favor of equitable tolling. Neither party has addressed whether Defendants would suffer prejudice, and it is unclear how the grant of equitable tolling relief would be prejudicial. However, the Supreme Court has held that this factor alone is not a sufficient basis for allowing tolling relief. *Amini*, 259 F.3d at 501 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

The next factor the Court must consider is the degree of diligence Plaintiffs exerted in pursuing their claims. Plaintiffs assert they were diligent and filed with the EEOC once they were aware of the possible violations and claim they could not have become aware of these violations before April 2006. However, it is true that almost all of Plaintiffs affidavits reveal that they believed the reason provided by Atlantic was not the reason for their termination *at the time they were terminated. (See* Alexander Aff. ¶ 5; Ford Aff. ¶ 5; Ferguson Aff. ¶ 6; Harris Aff. ¶ 5; Gardner Aff.

¶ 5; Graham Aff. ¶ 5; Greathouse Aff. ¶¶ 5-6; Hoyle Aff. ¶ 5; Murphy Aff. ¶ 5; Weir Aff. ¶¶ 5-6).[4] Further, each of the Plaintiffs knew at the time they were terminated that they or their family members suffered from alleged disabilities. After Plaintiffs retained current counsel, between September 2005 and November 2005, Plaintiffs still waited until April 2006 to file charges with the EEOC.[5] Moreover, Plaintiffs state in their brief that the identities of the employees terminated were general knowledge. (*See* Resp. 22.)

Therefore, there is very little that weighs in favor of granting equitable tolling in this situation, where Plaintiffs have not argued ignorance of the filing dates, but have shown a lack of diligence in pursuing their claims. The Sixth Circuit has held it will not,

> absent other circumstances weighing in favor of equitable tolling suspend the running of the statute of limitations in a discrimination action until the plaintiff learns sufficient facts that would lead him to suspect that the defendant acted with discriminatory intent. As the *Hill* court stated, "it might be years before a person apprehends that unpleasant events in the past were caused by illegal discrimination. In the meantime, under plaintiff's theory, the employer would remain vulnerable to suits based on these old acts."

*Amini*, 259 F.3d at 502 (quoting *Hill*, 65 F.3d at 1337); *see also Henderson*, 403 F.2d at 1033 (holding in similar circumstances, "[c]ertainty is not the standard. If a plaintiff were entitled to have all the time [she] needed to be *certain* [her] rights had been violated, the statute of limitations would

---

[4] The Court notes after a review of the record there was no affidavits filed on behalf of Plaintiffs Smith, Rolling, Hollins, Harmon, or Clayton. As to the affidavits of Plaintiffs Garey and Isom; neither claim to have known something was amiss but both grieved their termination and believed they should not have been terminated for misreporting wages. (Isom Aff. ¶ 5; Garey Aff. ¶ 5.)

[5] The Court notes that some Plaintiffs had retained legal counsel during the unemployment compensation hearings, prior to retaining current Counsel in the fall of 2005. (*See e.g.* Ex. T & P.)

never run – for even after judgment, there is no certainty.") Accordingly, equitable tolling is not appropriate in this case.

Plaintiffs argue that there are other circumstances, namely active misrepresentation or fraudulent concealment on the part of Defendants, that excuse the late filing. Plaintiffs assert the standards used to determine which employees were fired and indicated pretext could only have been discovered by comparing transcripts. Further, Plaintiffs argue they did not receive their personnel files in a timely manner. Defendants argue the testimony from the UIA hearings, upon which Plaintiffs rely, is inadmissible in this proceeding pursuant to Michigan Complied Law § 421.11(b)(iii). Section 421.11(b)(iii) states that "information obtained from any employing unit or individual pursuant to the administration of this act . . . shall be held confidential and shall not be disclosed." Subsection (iii) further states,

> [E]xcept as provided in this act, the information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to or a complainant in the action or proceedings, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision (2).

MICH. COMP. LAW § 421.11(b)(iii). Subdivision (2) "authorizes the disclosure of information to qualified requesting agencies who are investigating a claim under Aid to Families with Dependent Children, Medicare, or other social welfare programs." *See Summerville v. Esco Co.*, 52 F. Supp. 2d 804, 811 (W.D. Mich. 1999); MICH. COMP. LAW § 421.11(b)(2). In *Summerville*, the court held that an employer's letter to the Michigan Employment Security Commission ("MESC"),[6] written in

---

[6] Since December 7, 2003, the MESC has been known as the UIA. *See* Unemployment Insurance Agency, Labor & Economic Growth, *What's in a Name?*, http://www.michigan.gov/uia/0,1607,7-118-1328-137908--,00.html (last visited February 20, 2007).

9

connection with a MESC hearing was inadmissible. The *Summerville* court found that the statute "does not create an exception allowing the use of information obtained by the MESC any time there is a civil proceeding, but only when the requesting agency is investigating a claim of welfare fraud." *Id*. Therefore, the court held that the letter was inadmissible in a Family Medical Leave Act case, and could not be considered by the court in deciding the summary judgment motion. *Id*. *See also Freeman v. Unisys Corp.*, 898 F. Supp. 485, 491 (E.D. Mich. 1995); *Gonyea v. Motor Parts Fed. Credit Union*, 480 N.W.2d 297, 299 (Mich. App. 1991).

In the present case, Plaintiffs rely solely upon the testimony of an Atlantic representative in a UIA hearing for their claim that Defendants concealed their motivation behind Plaintiffs terminations. However, as in *Summerville*, this testimony cannot be used by the Court in determining this summary judgment motion as it is inadmissible under Michigan law. Therefore, Plaintiffs have no evidence of their claim that Defendants concealed the motivation for terminating Plaintiffs.

In regards to Plaintiffs argument that Defendants did not supply Plaintiffs with their personnel files in a timely manner, the Court notes this accusation does not justify or support estoppel. A review of the record and Plaintiffs' affidavits evidences that Defendants received twenty-one requests for personnel files in the first week of October and another seven requests in early November, 2005. (Resp. 17.) Plaintiffs state in their brief, that the 300 day time period ran on or about October 17, 2005. (*Id*. 19.) Therefore, it is illogical to argue Plaintiffs delay in receiving personnel files was the reason for Plaintiffs failure to file on time. Plaintiffs did not even request the files until one or two weeks before the period was to run.

Therefore, after review, even looking at the record in a light most favorable to Plaintiffs, the Court finds there is no genuine issue of material fact as to whether the filing precondition was met, and whether to apply the equitable tolling doctrines.  In the present case, there is no evidence in the record of Defendants' differing standards, and there has been no showing that circumstances existed such that Plaintiffs were ignorant of the filing requirement.  Plaintiffs have also failed to show that due diligence was exerted in pursuing their claims.  As a result summary judgment is appropriate.

## IV.    CONCLUSION

The Court finds that even in a light most favorable to Plaintiffs, the record fails to establish any genuine issue of material fact as to whether Plaintiffs have met the timely filing precondition under the ADA.  As a result, Plaintiffs are barred from bringing their ADA claims as they failed to file their charges with the EEOC within 300 days of the alleged discrimination.  Accordingly, Counts I and II of Plaintiffs Complaint will be dismissed.  A Partial Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  
    March 5, 2007

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE